[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed for a dissolution of her marriage with the defendant. Based upon the evidence presented, the court makes the following findings.
The plaintiff and the defendant married on May 1, 1983. The parties have continuously resided in the state of Connecticut for at least twelve months prior to the bringing of this action. The marriage has broken down irretrievably. The parties have two minor children, Melissa, age eleven, and Stephanie, age eight, born as a result of the marriage. CT Page 1030
The plaintiff is forty-one years old and in good health. She is currently employed as a dental assistant. The plaintiff works twenty-five hours per week and earns a gross weekly income of $425.
The defendant is forty-seven years old and in good health. He is employed as a foreman for CAG Electric Company. He is a licensed electrician. His gross weekly income, including overtime, is $957.
The plaintiff and the defendant are joint owners of the marital home located at 74 Colony Street, Hamden, Connecticut. The defendant owned the property prior to his marriage to the plaintiff. The present fair market value of the property is approximately $125,000. The property is encumbered by a mortgage with a balance of approximately $13,000.
The plaintiff owns a building lot located at 9 Hunting Ridge Road, Hamden, Connecticut. Although the property is held in the plaintiff's name only, it was a joint decision of the parties to acquire the property and they both financially contributed to its purchase. The present fair market value of the lot is $50,000. It is encumbered by a mortgage with a remaining balance of approximately $3,600.
The plaintiff has an IRA with a present value of $33,897 and the defendant has an IRA with a present value of $33,035. Both IRA's were acquired during the course of the marriage. The plaintiff also has a profit sharing plan through her current employer with a present value of $36,490. These funds were originally acquired by the plaintiff prior to the marriage.
The parties own stock in CT Global Telecommunications with a present value of $2,187. The defendant has two life insurance policies which have a combined current cash value of $6,000.
The plaintiff claims that the defendant's failure to be more involved in family activities was the cause of the marital breakdown. The defendant worked an enormous number of hours. Although it is unfortunate that an harmonious balance between work and family was not achieved, the court does not find that either party is at fault for the break up of the marriage.
The parties have reached an agreement with respect to custody and visitation. Pursuant to that agreement, the parties shall be CT Page 1031 awarded joint legal custody of the children, primary physical residence with the plaintiff. The court finds their agreement to be fair and in the best interests of the children. Their agreement will be incorporated in the orders of the court.
The defendant is obligated to pay child support to the plaintiff. Based upon the court's findings as to the gross income of the parties, the court finds that, after deducting for federal and state taxes, the plaintiff's net weekly income is $345 and the defendant's net weekly income is $685. Pursuant to the child support guidelines, the defendant is required to pay $217 per week in child support to the plaintiff.
Because of the age of the children, the plaintiff is also in need of alimony for a period of time before she is able to return to work on a full time basis.
In determining the orders contained herein, I have carefully considered all the relevant statutory criteria, including those contained in General Statutes § 46b-56 as they relate to custody and visitation, § 46b-81 as they relate to the assignment of property, § 46b-82 as they relate to the award of alimony, and § 46b-84 as they relate to the award of child support. The court enters the following orders:
1. The marriage is ordered dissolved on the grounds of irretrievable breakdown.
2. The parties are awarded joint legal custody of the minor children, primary physical residence to be with the plaintiff.
3. The defendant is awarded the right of reasonable and liberal visitation, not limited to the following:
 a. Every other weekend from Friday evening until Sunday evening.
 b. Two weekdays from 5:30 p. m. until 8 p. m. during the week he does not have weekend visitation.
c. Alternating holidays.
d. Two weeks vacation. CT Page 1032
4. During the summer, the parties will arrange additional week day visitation for the defendant.
5. The children will spend Mother's Day with the plaintiff and Father's Day with the defendant.
6. The defendant shall pay child support to the plaintiff in the amount of $217 per week.
7. The defendant shall pay alimony to the defendant in the amount of $60 per week. Alimony shall terminate upon the death of either party, remarriage or cohabitation by the plaintiff, or by February 15, 1999, whichever shall occur first.
8. The plaintiff may claim the youngest child as a tax exemption and the defendant may claim the oldest child as a tax exemption. The plaintiff is ordered to execute the appropriate IRS documentation in order to allow the defendant to claim the oldest child as a tax exemption.
9. The defendant shall continue to provide medical insurance for the minor children as available through his place of employment. The plaintiff and the defendant shall share equally the cost of any uninsured and unreimbursed medical expenses, including psychological expenses, for the minor children.
10. The plaintiff is awarded ownership of the Ford Taurus automobile and the defendant is awarded ownership of the Ford Bronco automobile.
11. The plaintiff may continue to reside in the marital home at 74 Colony Street, Hamden with the minor children. The house shall be sold by February 15, 2007 or should the plaintiff die, remarry or cohabitate, whichever shall occur first. The plaintiff shall be solely responsible for the payment of the mortgage and taxes on the property while she occupies the home. The plaintiff and the defendant shall share equally in the cost of any reasonable and necessary repairs to the home that exceed $500. The net proceeds from the sale of the property shall be divided equally between the plaintiff and the defendant. Net proceeds are defined as the funds CT Page 1033 remaining after payment of the mortgage and the usual and customary costs associated with a sale. Any deficiency after the sale shall be equally divided between the parties. The court shall retain jurisdiction over the sale of the property.
12. The building lot located at 9 Hunting Ridge Road, Hamden, Connecticut shall be placed on the market and sold. The plaintiff shall receive two-thirds and the defendant shall receive one-third of the net proceeds after sale. Net proceeds are defined as the funds remaining after payment of the mortgage and the usual and customary costs associated with a sale. The court shall retain jurisdiction over the sale of the property.
13. The plaintiff shall retain ownership of her IRA and her profit sharing plan.
14. The defendant shall retain ownership of his IRA and the cash value of his current life insurance policies.
15. The CT Global Telecommunications stock shall be distributed equally to each party.
16. The defendant shall continue to maintain his current life insurance policies naming the plaintiff as beneficiary for as long as he is obligated to pay child support to her.
Jon M. Alander, Judge